Filed 11/30/23  P. v. Ward CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL WALLACE WARD,<br><br>    Defendant and Appellant. | A164678<br><br>(Contra Costa Super. Ct.<br>No. 5-200140-2) |

Defendant Michael Wallace Ward was convicted of crimes related to an altercation with his wife, Jane Doe.  On appeal, he argues the convictions must be reversed because the prosecutor committed prejudicial error by suggesting to the jury in closing argument that Doe's absence from the trial was Ward's fault and pointed to his guilt.  We affirm.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

We describe the facts of the underlying incident only briefly because they are not directly relevant to the claims Ward raises on appeal.  On January 6, 2020, Doe called 911 and requested that police be sent to her Brentwood home because Ward had allegedly violated a protective order.  When police arrived, Doe was crying in the front yard of the residence, "hysterical and emotionally distraught," and her forearms were swollen and

1

bruised. She told an officer she was "scared" and nervous, because Ward had "got[ten] physical," threw her to the ground, and hit her with a stool. Another officer located Ward in a nearby field and arrested him.

While in jail, Ward had several recorded telephone calls with Doe. The prosecution pointed to these calls as evidence that Ward pressured Doe to (1) minimize the cause and extent of the injury to one of her arms and (2) avoid testifying at trial or change her story. As to the arm, there was an issue about whether Ward bruised or broke it. In one call, Doe exclaimed to Ward, "[Y]ou broke my fucking—uuh," at which point Ward interrupted, reminding Doe that their call was being recorded. In another call, as Doe was telling Ward about some of the difficulties she had recently experienced, she said, "I couldn't physically do it! Because I had a broken arm, I was fuckin' going through my situation in my stomach and [. . . .]" Ward again interrupted and exclaimed, "Stop. Stop. You're on a fuckin' recorded line you stupid ass!" Doe told Ward in another call that she obtained a note from her doctor saying her arm was not broken.

As to whether Ward discouraged Doe from testifying or encouraged her to change her story, evidence was introduced that in one call Ward asked Doe, "[D]o you still wanna do this?," and said, "[S]o my attorney doesn't want you to show up. . . . But she can't tell you that." When Doe started to suggest there might be witnesses who would be even worse for him, Ward interjected, "Not worse than seeing a cast on your arm." Another time, Ward told Doe, "If I go to trial I have the right to face my accuser, . . . so if the victim shows up to trial, . . . and doesn't have the same statement as they did before, whatever, like you know what I mean? I could beat this." In a different call, referring to the charges against him, Ward said, "I have to beat it. . . . I'll beat it no matter what because if it looks like I'm not gonna fuckin' beat it

2

your ass can get up on that stand and be like 'the whole thing was fuckin' self-inflicted and fuck—you know what I'm sayin' [']? . . . Like if you would've done that shit already I'd have been home. But I'm fuckin scared, I've been fuckin' scared to death to say anything over the fuckin' phone, you know what I mean?"

Ward was charged with three felonies—assault with a deadly weapon, corporal injury of a spouse after a prior conviction, and dissuading a witness by force or threat—and two misdemeanors, resisting a peace officer and disobeying a court order.[1] In connection with the assault and corporal-injury charges, it was alleged that Ward personally inflicted great bodily injury under circumstances involving domestic violence, and in connection with the corporal-injury charge it was also alleged that he personally used a deadly weapon.[2] Finally, Ward was alleged to have a prior conviction for a serious felony.[3]

Doe did not appear at trial, but the prosecution introduced statements she made in her 911 call, during her interactions with police officers, and during a visit to an urgent care facility. Transcripts of portions of the recorded phone calls between Ward and Doe while Ward was in jail were also

---

[1] The charges were brought under Penal Code sections 245, subdivision (a)(1) (assault with a deadly weapon), 273.5, subdivision (f)(1) (corporal injury), 136.1, subdivision (c)(1) (dissuading a witness), 148, subdivision (a)(1) (resisting a peace officer), and 166, subdivision (a)(4) (disobeying a court order). All further statutory references are to the Penal Code.

[2] These allegations were made under sections 12022.7, subdivision (e) (infliction of great bodily injury), and 12022, subdivision (b)(1) (use of deadly weapon).

[3] The prior-conviction allegation was made under sections 667, subdivisions (a)(1), (d), and (e), and 1170.12, subdivisions (b) and (c), based on a 2008 conviction for assault under section 245, subdivision (a)(1).

admitted into evidence. At the close of the prosecution's case, the trial court granted Ward's motion for an acquittal on the count of dissuading a witness by force or threat.

During closing arguments, Ward's trial counsel first raised Doe's absence from trial. In her closing argument, defense counsel said that several of the counts and related enhancements "rest solely on the out-of-court statements of [Doe], notwithstanding that she was never called here by the prosecution to testify as a witness in this case." Counsel continued, "[S]hould the prosecutor get up here in rebuttal . . . and argue that it was . . . Ward's responsibility to secure [Doe] as a witness in this case, please do not fall for that fallacy, because it is the prosecution . . . that has the burden of proof, and thus the only burden of producing witnesses that [the prosecutor] relies upon for her case."

Defense counsel spent much of the rest of her closing argument trying to convince the jurors that they should discredit Doe's statements. Counsel argued that the evidence showed that Doe made untruthful and inconsistent statements regarding alcohol consumption on the night of the incident and showed "manipulation and deceit" by writing fraudulent checks on her former mother-in-law's checking account. In trying to convince the jurors to discount Ward's remarks to Doe encouraging Doe to avoid trial, counsel said, "[I]t is understandable, in my view, that anyone who is wrongly charged with a crime or with certain allegations who knew that their accuser had admitted to lying about certain things, it is understandable that that person wouldn't want the accuser—" The prosecutor interrupted with an objection, which the trial court sustained.

During her rebuttal argument, the prosecutor made the remarks that Ward challenges on appeal. Responding ironically to defense counsel's

4

attempt to discredit Doe, the prosecutor stated, "[Doe] is lying to all of you because she drinks and because her ex-mother-in-law was mad at her one time during some divorce proceedings, because that—that's what makes [Doe] a bad person, and you shouldn't believe her. No wonder she doesn't want to be here. . . . No wonder [Doe] is not here after what the defendant put her through, after what the defendant said in those jail calls. No wonder she is not here."

Defense counsel objected without providing a specific basis, and the trial court sustained the objection. After closing arguments were over, defense counsel asked that the jury be admonished regarding the prosecutor's comments and submitted a written proposed admonishment. The proposed admonishment did not identify the prosecutor's allegedly improper remarks or explain why they were allegedly improper, other than providing a string cite to a half-dozen cases. The proposed admonishment stated:

> "Members of the jury, the prosecutor in closing remarks and rebuttal made certain uncalled[-]for insinuations about the defendant, his counsel, and the state of the evidence as to [Doe]. I want you to know that the prosecutor has absolutely no evidence to present to you [to] back up these insinuations. The prosecutor's improper remarks amount to an attempt to prejudice you against the defendant. Were you to believe these unwarranted insinuations, and convict the defendant on the basis of them, I would have to declare a mistrial. Therefore, you must disregard these improper, unsupported remarks."

In rejecting the proposed admonishment, the trial court ruled as follows:

> "[W]hen both attorneys gave their arguments, there were objections from the other side, some of which were sustained, some of which were overruled.

"The current state of the record regarding the request leaves me in the position of not being able to identify any specific argument[s] as to which the instruction . . . would apply.

"I do note that the jury has been told a number of times that nothing that the attorneys say is evidence, and that if their comments under the law conflict with my instructions, they must follow my instructions. There was nothing in [the prosecutor's] argument, either initial closing or rebuttal argument, that in any way disparaged defense counsel. In rebuttal, in particular, [the prosecutor] responded to arguments that she believed had been raised, but in no way was there any form of personal attack.

"At this point, given the lack of specificity, the fact that the objections were sustained when appropriate, I don't find that it's appropriate to give the curative instruction that's been requested."

The jury found Ward not guilty of assault with a deadly weapon, but it found him guilty of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)), a felony, and the remaining three charges.[4] The jury also found true the allegations that he inflicted great bodily injury in connection with the assault and corporal injury of a spouse, but it found not true the allegation that he used a deadly weapon during the latter offense.

The trial court found that Ward had a prior conviction for a serious felony and struck the finding under section 1385. The court then sentenced him to eight years in prison, composed of the upper term of five years for corporal injury to a spouse and a consecutive term of three years for inflicting great bodily injury during that offense. The court also imposed and stayed

---

[4] The trial court concluded that it had to instruct on assault with force likely to produce great bodily injury as a lesser included offense of the charged assault. Although assault with force likely to produce great bodily injury is *not* a lesser included offense of assault with a deadly weapon (*People v. Pack* (2023) 88 Cal.App.5th 218, 222), Ward does not claim that the court erred by instructing the jury on the uncharged offense.

the upper term of four years for the assault and a consecutive term of three years for inflicting great bodily injury during that offense. Finally, it imposed terms of 180 days in jail for both misdemeanors, to run concurrently with each other and the prison term.

## II.
### DISCUSSION

Ward contends that the prosecutor's remarks in closing argument constituted prejudicial prosecutorial error, because they inflamed the jury into believing Doe's absence was his fault and indicated he was guilty. We are not persuaded.

### A.     *The Governing Legal Standards*

"A prosecutor's conduct violates the Fourteenth Amendment to the federal Constitution when it infects the trial with such unfairness as to make the conviction a denial of due process. Conduct by a prosecutor that does not render a criminal trial fundamentally unfair is [nonetheless] prosecutorial misconduct under state law . . . if it involves the use of deceptive or reprehensible methods to attempt to persuade either the trial court or the jury." (*People v. Morales* (2001) 25 Cal.4th 34, 44.) Although the claim is sometimes referred to as "prosecutorial misconduct," it is more accurately referred to as "prosecutorial error" since no showing of bad faith is required to establish the error. (See *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1 (*Hill*).)

" ' " '[A] prosecutor is given wide latitude during argument. The argument may be vigorous as long as it amounts to fair comment on the evidence, which can include reasonable inferences, or deductions to be drawn therefrom.' " ' " (*Hill, supra,* 17 Cal.4th at p. 819.) To succeed on appeal, a defendant who challenges a prosecutor's remarks in closing "must show that, '[i]n the context of the whole argument and the instructions' [citation], there

7

was 'a reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner.' " (*People v. Centeno* (2014) 60 Cal.4th 659, 667.) " 'In conducting this inquiry, we "do not lightly infer" that the jury drew the most damaging rather than the least damaging meaning from the prosecutor's statements.' " (*Ibid.*)

B.    *The Prosecutor's Remarks in Closing Argument Did Not Constitute Prosecutorial Error and Were Not Prejudicial.*

We are not persuaded that the prosecutor's remarks constituted prejudicial prosecutorial error.  Initially, Ward forfeited most, if not all, of his appellate arguments.  A claim of prosecutorial error involving comments before the jury is generally forfeited unless the defendant "make[s] a timely objection, make[s] known the basis of [the] objection, and ask[s] the trial court to admonish the jury." (*People v. Brown* (2003) 31 Cal.4th 518, 553.) Here, both at the time of her objections and when she proposed the admonishment, Ward's trial counsel failed to identify either the actual statements to which she objected or the specific basis of her objection.  The proposed admonishment in particular referred only to "certain uncalled[-]for insinuations."  This was insufficient to permit the trial court to ascertain what was supposedly wrong with the prosecutor's argument and, in turn, to determine whether the purported error could be cured.

Even if we assumed that Ward's appellate arguments were properly preserved, we would reject them on their merits.  To begin with, the only part of the prosecutor's argument that appears objectionable on its face was the remark that Doe "doesn't want to be here."  This remark is objectionable because it referred to evidence not in the record, i.e., Doe's mental state in not attending the trial.  The remaining comments, however, were all connected to evidence or facts of which the jury was aware and from which reasonable inferences could be argued.  These comments included the

8

accurate statement that Doe was not at the trial; the ironic remarks about Doe's credibility; and the statements suggesting Doe did not appear at trial because of the defense's attempts to impugn her credibility and Ward's behavior toward her.

While the last of these remarks may have insinuated that Doe's absence from the trial was Ward's fault, the insinuation was not baseless, given the evidence. (See *Hill, supra,* 17 Cal.4th at p. 819.) In any event, we hardly think there is a reasonable likelihood that the jury misunderstood or misapplied the prosecutor's statements, much less that they rendered the trial against Ward fundamentally unfair. (*People v. Centeno*, *supra*, 60 Cal.4th at p. 667*; People v. Morales*, *supra*, 25 Cal.4th at p. 44.) Notably, the jury was instructed that the attorneys' arguments were not evidence, and that it should "not let bias, sympathy, prejudice or public opinion influence [its] assessment of the evidence or [its] decision." We must "presume that jurors follow instructions not to be swayed by sympathy or prejudice." (*People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 861–862.)

Finally, even if there were error, it was not prejudicial. Reversal for prosecutorial error is proper only if the defendant can demonstrate a reasonable probability of obtaining a more favorable result absent the error. (*People v. Friend* (2009) 47 Cal.4th 1, 29.) Ward cannot satisfy this standard given the substantial, and largely unchallenged, evidence presented against him on the charges of which he was convicted. (See *People v. Lima* (2022) 80 Cal.App.5th 468, 481.)

## III.
### DISPOSITION

The judgment is affirmed.

9

_____
Humes, P.J.


WE CONCUR:



_____
Banke, J.




_____
Getty, J.*




*Judge of the Superior Court of the County of Solano, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Ward*  A164678

10